Catron, J.
delivered the opinion of the court. The single question tobedecided by the court is, whether the replication is a good answer to the plea of the statute of limitations.
1st. It is contended on the part of the defendants in error, that Stone received the money as agent,in the capacity of gate keeper, and held the same as a trustee; that the relation of trustee and cestui-que-trust existed between him and the plaintiff below, and that Stone’s possession of the money was consistent with the right of J ack and Cocke, and therefore the act of limitations did not run in favor of Stone.
The statute of 1715, ch. 27, s. 5 says, “that actions upon the case shall be commenced or brought within three years, next after the cause of such action or suit, and not after.” All comment upon .this forcible and unambiguous language can but obscure it. What was the cause of this suit? The receiving of the money by Stone: instantly on his receiving any part of the money, a right of action accrued to Cocke and Jack; and within three years after such cause of action, the defendants in error were bound to sue, or their action was barred.
*363 The history of English jurisprudence, it is believed, furnishes not an instance where it was holden that the relation of cestui-que-trust and trustee, prevents the statute from creating a bar in a case where an action at law can be sustained. In every case where an action of assumpsit will lie, there even courts of chancery, having concurrent jurisdiction with courts of law, will apply the statute. This has been the settled rule of decision in the English Chancery Courts for a century. Locey vs. Locey, by Lord Macclesfield, 1719, Prec. in Ch’y. 518. The rule is followed and distinctly laid down in Street vs. Mellish, 2 Atkins, 610; is recognized and commented upon in the very able opinion of Lord Redesdale in Hovenden vs. Annesley, 2 Sch. and Lefroy, 607. The cases are all brought together by Chancellor Kent in the cause of Kane vs. Bloodgood, 7 Johnson’s Chancery, 111, where the chancellor repudiates the doctrine held by him in the cause of Coster vs. Murray, 5 John. Chy. Rep. 522. The latter case had, upon appeal to the Supreme Court, been overruled, which decision overruling Chancellor Kent’s opinion, is reported in 20 Johnson’s Reports, 576, 610. In the above causes, the true rule is laid down, that courts of equity wall apply the statute to all cases, unless it be such as are predicated upon a naked trust, in which courts of equity have alone jurisdiction, and of which courts of law have no cognizance. Hence the bringing of the suit at law in this cause was conclusive that the claim sued for was of such a character as to be barred by the statute of limitations. This position is therefore untenable.
Secondly. It is contended that the concealment of the receipt of the money by Stone, as set forth in the replication, is a good answer to the plea of the statute of limitations; and that a fraudulent concealment of the cause of action, formed an exception in favor of the defendants in error, until they discovered the fraud. Here again it is believed, the words of the statute are too plain for construction to afford any aid to the mind hot affected by unmeaning refinement: “The suit shall be brought within three years next after the cause of action,” says the. statute. Was the *364 discovery that the money had been fraudulently concealed by Stone “a cause of action?” Tins it certainly could not be. The declaration informs us that the receipt of the money to Cocke and Jack’s use by Stone, was the cause of action; and the statute tells us that within three years next after the receipt of the money, the suit must have been bi’ought or the action was barred. The replication admits the cause of action to have existed more than three years before suit brought, by in effect confessing the plea to be true. But it is insisted that the fraudulent concealment-put it out of the power of the plaintiffs, Cocke and Jack, to sue, and therefore there is an implied exception in their favor, which is equally strong with the express exceptions in favor of those who are infants, femes covert, non-compos, imprisoned or beyond the seas. And this brings us directly to the question, whether the courts have power to make exceptions to the affirmative and positive enactions of a statute, in cases where the legislature has made none? I am well convinced that this court has no such power; that it is our duty to administer the law, regardless of particular cases of hardship, and that it belongs exclusively to the legislature to alter the law, if it is oppressive or inconvenient. It is believed that such has been the course of decision, with slight abberrations in reference to the act of limitations, for centuries. The case of Stowell vs. Lord Zouch in Plowden, lays down the principle, that when the statute once begins to run,it runs on; and that the courts have no power to make an exception in favor of a disabled person upon whom the estate is cast, the next day after the statute commences its operation.
The courts being shut by a civil war, or there being no courts of justice in which suit can be brought, is no good replication to the plea of the act of limitations, 4 Ba. Ab. by Gwillim, 480; 2 Salk, 420.
Hence it was that the statute of William and Mary was passed declaring the time from the tenth of December, 1687, to the 12th of March, 1688, should not be accounted any part of the time within which an action might have been brought; there having been no government from the time' *365 of the departure of King James until King William assumed the government.
The very act under consideration was suspended in its operation by the act of 1783, ch. 4, sec. 9, from the 4th of July, 1776, to 1st of June, 1784. The act of 1794, ch. 1, s. 40,73, make similar provisions; and a similar provision in principle was made by the act of 1813, ch. 2, in favor of those who entered the service of the United States during the last American war. These statutes are conclusive recognitions of the principle, that the legislature alone can make the exceptions; and that none prevail but such as have from time to time been declared by legislative enaction, either in the body of the act itself or by subsequent statutes. The English courts, in the late cases of Bartley vs. Fortner and Short vs. M’Cartney, reported in the 5th vol. Brod. and Bingham’s Rep. recognized the principle; nor has there ever been any departure therefrom, so far as my knowledge extends, in the common law courts of that country, with the single exception of a dictum in the case of Bree vs. Holbeck in Douglass’ Reports.
The decisions, so far as they are known, made by some of the most respectable courts in the United States, hold a similar doctrine. The Supreme Court of the United States, in the cause of M’Iver vs. Reagan, 2 Whea. 29, says, “whenever the situation of the party was such as in the opinion of the legislature to furnish a motive for excepting him from the operation of the law, the legislature has made the exception, it would be going far for this court to add to these exceptions.” This case is entitled to much respect, and is conclusive on the one before this court, was it a binding-authority.
The point has lately been very ably considered by the Supreme Court of New-York, in the case of Troup vs. Smith, 20th Johnson’s Rep. 33, in which Chief Justice Spencer examines the doctrine at some length, and the court decides in conformity to the above opinion of the Supreme Court of the United States. The case in New-York was in its circumstances somewhat like the present, and in principle the same.
*366 The Supreme Court of Virginia, in the case of Callis vs. Waddy, in 2 Mun’d. 511, have also decided that fraud and want of knowledge of its commission until after the plaintiff" was barred, was not a good replication to the statute of limitations.
In North Carolina the course of decision had been thought to be contrary to the decisions last recited; but the point came directly before their Supreme Court in the cause of Hamilton vs. Smith, 1 Murp. Rep. 115, where the court overrules all the former adjudications that militate against the decisions of the English courts, and fully recognize the principle that the courts have no power to make exceptions to the statute where the legislature has made none.
It is contended, however, that the Supreme Court of this state, in the cause of Blantin and Coulson, reported in 3 Hay. have settled the law that such a replication as the present is a good answer to the plea. The point now before the court, did not arise in Blanton and Coulson. In that cause, the plaintiff Blanton declared in trover against Coulsonforanegro; Coulson pleaded the statute of limitations; to which plea the defendant’s counsel replied in these words: “Replication and issue.” On the trial in the Circuit Court, Coulson proved possession of the negro by himself for fifteen years and upwards; in answer to which, the plaintiff offered to prove that the negro had been run off from the State of Virginia, and that he had no knowledge where she was, until within three years next before bringing of the suit. This evidence was objected to on part of the defendant, but received by the court; and the plaintiff had a verdict. A bill of exceptions was taken and a writ of error to the Supreme Court; and the only point decided by the court was, that the circuit Judge erred in permitting the evidence to avoid the effect of the plea of the statute under the general replication: for this reason the judgment was reversed, and the cause remanded. The court had adopted the practice about that time of ordering a repleader, upon the record of reversal, and did so in that cause; but they afterwards rejected the practice as erroneous. What is said, therefore, upon the replication directed to be. filed in *367 the cause of Blanton vs. Coulson, is a mere dictum, not warranted by any thing upon the record that was before the court; and, consequently, only a highly respectable opinion, but no authority; nor is it believed that it ever was intended as such. I was of counsel in said cause, and well remember the facts in the record.
I therefore, both upon principle and authority, believe the replication no answer to'the plea of the statute of limitations, and think the demurrer should be sustained and judgment entered for the defendant below.